IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 23-cr-68 |
| ) | |
| SHRONDA COVINGTON, ) | |
| TONYA FARLEY, ) | Deprivation of Rights Under Color of Law |
| ) | 18 U.S.C. § 242 |
| ) | (Counts 1, 2, and 3) |
| and ) | |
| ) | False Report |
| ) | 18 U.S.C. § 1519 |
| YOLANDA BLACKWELL, ) | (Count 4) |
| ) | |
| ) | False Statements |
| Defendants. ) | 18 U.S.C. § 1001 |
| ) | (Counts 5 and 6) |

**SUPERSEDING INDICTMENT**

August 2023 Term – at Richmond, Virginia.

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

At all times relevant to this Superseding Indictment:

1. Defendant SHRONDA COVINGTON served as a Lieutenant with the federal Bureau of Prisons (BOP) at the Federal Correctional Institution at Petersburg, Virginia (FCI Petersburg), within the Eastern District of Virginia.

2. As a Lieutenant, defendant SHRONDA COVINGTON was responsible for the custody, control, care, and safety of inmates at FCI Petersburg.

3. Defendant TONYA FARLEY served as a Registered Nurse with BOP at FCI Petersburg.

4. As a Registered Nurse, defendant TONYA FARLEY was responsible for providing medical care to inmates at FCI Petersburg.

5. Defendant YOLANDA BLACKWELL served as a Senior Officer Specialist with BOP at FCI Petersburg.

6. As a Senior Officer Specialist, defendant YOLANDA BLACKWELL was responsible for the custody, control, care, and safety of inmates at FCI Petersburg.

7. On or about January 9, 2021, defendant SHRONDA COVINGTON was on duty at FCI Petersburg and acting in her official capacity as a Lieutenant. During her shift, defendant SHRONDA COVINGTON was the highest-ranking officer at FCI Petersburg.

8. On or about January 9, 2021, defendant TONYA FARLEY was on duty at FCI Petersburg and acting in her official capacity as a Registered Nurse.

9. On or about January 10, 2021, defendant YOLANDA BLACKWELL was on duty at FCI Petersburg and acting in her official capacity as a Senior Officer Specialist.

10. W.W., an individual known to the Grand Jury, was a 47-year-old inmate at FCI Petersburg.

### COUNT ONE
(Deprivation of Rights Under Color of Law)

On or about January 9, 2021, at or near Petersburg, Virginia, in the Eastern District of Virginia, the defendant, SHRONDA COVINGTON, while acting under color of law, willfully deprived W.W. of his right to be free from cruel and unusual punishment, a right secured and protected by the Constitution and laws of the United States, when she was deliberately indifferent to W.W.'s serious medical needs. Specifically, defendant COVINGTON, knowing that W.W. had serious medical needs, willfully failed to ensure that W.W. was provided with necessary medical

care, thereby acting with deliberate indifference to a substantial risk of serious harm to W.W. This offense resulted in bodily injury to W.W. and resulted in W.W.'s death.

(In violation of Title 18, United States Code, Section 242).

## COUNT TWO
(Deprivation of Rights Under Color of Law)

On or about January 9, 2021, at or near Petersburg, Virginia, in the Eastern District of Virginia, the defendant, TONYA FARLEY, while acting under color of law, willfully deprived W.W. of his right to be free from cruel and unusual punishment, a right secured and protected by the Constitution and laws of the United States, when she was deliberately indifferent to W.W.'s serious medical needs. Specifically, defendant FARLEY, knowing that W.W. had serious medical needs, willfully failed to ensure that W.W. was provided with necessary medical care, thereby acting with deliberate indifference to a substantial risk of serious harm to W.W. This offense resulted in bodily injury to W.W. and resulted in W.W.'s death.

(In violation of Title 18, United States Code, Section 242).

## COUNT THREE
(Deprivation of Rights Under Color of Law)

On or about January 10, 2021, at or near Petersburg, Virginia, in the Eastern District of Virginia, the defendant, YOLANDA BLACKWELL, while acting under color of law, willfully deprived W.W. of his right to be free from cruel and unusual punishment, a right secured and protected by the Constitution and laws of the United States, when she was deliberately indifferent to W.W.'s serious medical needs. Specifically, defendant BLACKWELL, knowing that W.W. had serious medical needs, willfully failed to ensure that W.W. was provided with necessary

medical care, thereby acting with deliberate indifference to a substantial risk of serious harm to W.W. This offense resulted in bodily injury to W.W. and resulted in W.W.'s death.

(In violation of Title 18, United States Code, Section 242).

## COUNT FOUR
(False Report)

On or about January 9, 2021, at or near Petersburg, Virginia, in the Eastern District of Virginia, the defendant, TONYA FARLEY, acting in relation to and in contemplation of a matter within the jurisdiction of a department and agency of the United States, knowingly falsified, concealed, covered up, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, defendant FARLEY, acting in her official capacity as a Registered Nurse for the BOP, wrote a BOP Clinical Encounter Report purporting to document her January 9, 2021, medical assessment of W.W.; in that BOP Report, defendant FARLEY (1) falsely claimed that W.W. exhibited no signs or symptoms of "acute distress," when, as defendant FARLEY then well knew, W.W. was exhibiting multiple signs of acute distress; (2) falsely claimed that W.W. "verbalize[d] understanding" of his medical care, when, as defendant FARLEY then well knew, W.W. was incoherent and did not verbalize his understanding of his medical care; and (3) falsely claimed that defendant FARLEY had obtained "a telephone or verbal order" from a physician regarding W.W., when, as defendant FARLEY then well knew, she did not consult with a physician regarding W.W.'s medical needs.

(In violation of Title 18, United States Code, Section 1519.)

## COUNT FIVE
(False Statements)

On or about April 4, 2023, at or near Richmond, Virginia, in the Eastern District of Virginia, the defendant, TONYA FARLEY, knowingly and willfully made false, fictitious, and fraudulent statements and representations to a Special Agent of the Department of Justice (DOJ), Office of the Inspector General (OIG), as to material facts in relation to a matter within the jurisdiction of the DOJ, an agency of the United States. Specifically, defendant FARLEY: (1) falsely claimed that on January 9, 2021, she used a BOP telephone to call physician E.Y. on E.Y.'s personal cellular telephone; (2) falsely claimed that she discussed inmate W.W.'s medical symptoms and care with physician E.Y. on January 9, 2021; (3) falsely claimed that she did not send W.W. to the hospital on January 9, 2021 because physician E.Y. did not authorize his hospitalization and instead instructed her to call the facility's on-call psychologist; and (4) falsely claimed that the on-call psychologist told her that the psychologist believed W.W. was malingering on January 9, 2021. Those statements and representations by defendant FARLEY were false, because as defendant FARLEY then well knew, on January 9, 2021: (1) she did not use a BOP telephone to call physician E.Y. on E.Y.'s personal cellular telephone; (2) she did not discuss W.W.'s symptoms and care with physician E.Y. or with any other physician; (3) physician E.Y. did not instruct her to call the facility's on-call psychologist rather than hospitalize W.W.; and (4) the on-call psychologist did not tell her that the psychologist believed that W.W. was malingering.

(In violation of Title 18, United States Code, Section 1001).

## COUNT SIX
(False Statements)

On or about February 21, 2023, at or near Chesterfield, Virginia, in the Eastern District of Virginia, the defendant, SHRONDA COVINGTON, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Department of Justice (DOJ), Office of the Inspector General (OIG), an agency within the executive branch of the United States. Specifically, during an interview with DOJ OIG agents, defendant COVINGTON: (1) falsely denied that on January 9, 2021, a BOP correctional officer told defendant COVINGTON that W.W. was eating out of the trashcan, had urinated on himself, and had fallen; (2) falsely claimed that on January 9, 2021, a BOP correctional officer contacted her to report that W.W. was walking around his cell, listening to music, and doing push-ups; and (3) falsely denied that on January 9, 2021, she asked a correctional officer to falsely state in BOP records that defendant COVINGTON had completed her rounds of the unit in which W.W. was housed, when, in fact, defendant COVINGTON had not conducted rounds of that unit. Those statements and representations by defendant COVINGTON were false, because as defendant COVINGTON then well knew, on January 9, 2021: (1) at least one BOP correctional officer told defendant COVINGTON that W.W. was eating out of the trash can, had urinated on himself, and had fallen; (2) no correctional officer contacted defendant COVINGTON to report that W.W. was walking around his cell, listening to music, and doing push-ups; (3) defendant COVINGTON did, in fact, ask a correctional officer to falsely state in BOP records that defendant COVINGTON had completed rounds of the unit in which W.W. was housed.

(In violation of Title 18, United States Code, Section 1001).

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Thomas Garnett
Assistant United States Attorney

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
U.S. DEPARTMENT OF JUSTICE

By: _____
Kathryn E. Gilbert
Special Litigation Counsel
Matthew Tannenbaum
Trial Attorney

7