IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 3:23cr68 (RCY) |
| ) | |
| SHRONDA COVINGTON, ) | |
| ) | |
| TONYA FARLEY, ) | |
| ) | |
| and ) | |
| ) | |
| YOLANDA BLACKWELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This prosecution arises out of the death of an inmate in a federal prison. This matter is presently before the Court on the Government's Motion in Limine to Preclude the Use of Inadmissible Hearsay, ECF No. 52. For the reasons stated below, the Court will grant in part and deny in part the motion.

**I. FACTUAL BACKGROUND**[1]

Defendants Shronda Covington, Tonya Farley, and Yolanda Blackwell were officials with the federal Bureau of Prisons ("BOP"). On January 9, 2021, an inmate ("W.W.") at the prison where the Defendants worked began acting erratically. Over the course of January 9 and into January 10, W.W. fell repeatedly, culminating in his death early on January 10. All three defendants in this case were BOP officials at the prison who worked distinct shifts over the two-day period of W.W.'s episode and death. Defendant Shronda Covington was a lieutenant and the

---

[1] These facts are drawn from the pleadings on the instant motion and other motions; the Court lays them out in a neutral manner.

highest-ranking officer at the prison from midnight to 8:00 a.m. on January 9; Defendant Tonya Farley was a registered nurse who worked from approximately 11:00 a.m. to 9:00 p.m. on January 9; and Defendant Yolanda Blackwell was the control officer who worked from midnight to 8:00 a.m. on January 10.

## II. PROCEDURAL HISTORY

On August 1, 2023, a federal grand jury returned a six-count superseding indictment against the Defendants. *See generally* Superseding Indictment, ECF No. 34. The Indictment charges each with violating 18 U.S.C. § 242 by, while acting under color of law as BOP officials, willfully violating the constitutional rights of inmate W.W. by demonstrating deliberate indifference to his serious medical needs. *Id.* at 2–4. The indictment further charges Ms. Covington and Ms. Farley with violating 18 U.S.C. § 1001 by making materially false statements to federal agents. *Id.* at 5–6. The indictment also charges Ms. Farley with violating 18 U.S.C. § 1519 by knowingly making a false entry into an official report following her medical assessment of W.W., with the intent to obstruct a federal investigation. *Id.* at 4.

## III. LEGAL STANDARD

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, No. 1:13-cr-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F.

App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

Evidence is admissible if it is "[r]elevant,"[2] except as otherwise prohibited by the Constitution, federal statute, or the Federal Rules of Evidence. Fed. R. Evid. 402.

### IV. DISCUSSION

At trial, the Government intends to introduce out-of-court statements made by the Defendants, including portions of statements the Defendants made to federal agents.[3] Mot. 4, ECF No. 52. The Government requests that the Court "*categorically exclude* the defendants' own, out-of-court statements offered by them during *voir dire* and opening; and preclude the defendants from seeking to introduce their own out-of-court statements" through any witnesses other than themselves without showing that that statement is "necessary to redress a misleading impression." Reply 4, 6, ECF No. 77 (emphasis added); *see id.* 2–5. (The Court notes that this is significantly less than what the Government initially sought in its motion.[4]) The Defendants disagree and contend that they may introduce their out-of-court statements *in their entirety* under: (1) Federal Rule of Evidence 106, also known as the "Rule of Completeness;" and (2) Federal Rule of Evidence 807, also referred to as the "Residual Hearsay Exception." See Def. Blackwell's Resp. 3–6, ECF No. 67;[5] Def. Covington's Resp. 2–6, ECF No. 73.

---

[2] "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid 401.

[3] The parties agree that the Government may introduce these out-of-court statements made by the Defendants as admissions under Federal Rule of Evidence 801(d)(2) and that the Defendants may not introduce any such statements under that same authority. *See, e.g.*, Mot. 4, ECF No. 52; Def. Blackwell's Resp. 2, ECF No. 67

[4] Initially, the Government moved the Court to fully "preclude the defendants from introducing evidence of their own, self-serving, out-of-court statements through witnesses other than themselves, including on cross-examination, and from referencing such evidence in argument." Mot. 1. After receipt of the Defendants' responses, the Government walked back its hardline stance in its Reply. *See generally* Reply, ECF No. 77.

[5] Defendant Farley has adopted Defendant Blackwell's response. *See* Def. Farley's Mot. Adopt, ECF No. 68.

Neither side is entirely in the right. For the following reasons, the Court will grant only in part the Government's motion. The Court will not categorically bar the Defendants' use of out-of-court statements, as the Government seeks. Nor will the Court categorically allow the Defendants to use the entirety of their own statements, as the Defendants request in their briefs. Instead, the Court will allow the Defendants to introduce or refer to their out-of-court statements at any point during trial, but only to the extent necessary to clarify, contextualize, or rebut the Government's use of those out-of-court statements.

### A. Rule of Completeness

The Court will allow the Defendants to introduce or refer to their out-of-court statements pursuant to the Rule of Completeness, but only to the extent necessary to complete any such statements used by the prosecution.

The Rule of Completeness, codified at Federal Rule of Evidence 106, states: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. As the Fourth Circuit has rationalized the Rule:

> The purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of [any statement] which clarify or explain the part already received. The rule is protective, merely. It goes only so far as is necessary to shield a party from adverse inferences, and only allows an explanation or rebuttal of the evidence received.

*United States v. Moussaoui*, 382 F.3d 453, 481 (4th Cir. 2004) (internal citation and quotation marks omitted). Put more succinctly, the Rule "functions as a defensive shield against potentially misleading evidence proffered by an opposing party." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001), *parenthetically quoted in Moussaoui*, 382 F.3d

4

at 481. Statements "that neither explain nor clarify" the admissible statements do not come in under the Rule. *Moussaoui*, 382 F.3d at 482.

Applying these principles here, the Court will allow the Defendants to introduce or refer to their prior statements at any time during trial to clarify or explain parts of such statements introduced or referenced by the Government. The Government insists that this is not necessary, because the statements it intends to introduce will not be used in a misleading way and will be placed into the proper context. *See, e.g.*, Mot. 7. But the Defendants point out that the Government's assurance is "impossible to challenge at this point without knowing every specific statement the government intends to introduce." Def. Covington's Resp. 4; *accord* Def. Blackwell's Resp. 4 ("[T]he Government has not indicated which statements it plans to introduce; making it impossible for the Defendant to show that the statements are taken out of context."). This, the Defendants say, "highlights the prematurity of the relief [the Government] seeks in this motion." Def. Covington's Resp. 4. The Court agrees. At this stage, the Court cannot grant the Government's request to categorically bar the Defendants from referring to any of their prior statements. At any stage of trial, if the Government introduces or refers to a statement by a Defendant in their interview(s), Rule 106 requires the Court to allow the Defendants to introduce any part of that statement (or any other statement) "necessary" to properly "clarify or explain" the statement used by the Government. *See Moussaoui*, 382 F.3d at 481. Whether any statement needs to be clarified or explained will be determined at trial.

But because the Defendants can only introduce their own statements "so far as is necessary" to properly explain or rebut the Government's statement, *see id.* (quoting *United States v. Corrigan*, 168 F.2d 641, 645 (2d Cir. 1948)), the Court cannot, at this stage, agree with the Defendants that Rule 106 necessitates that their out-of-court statements be admitted *in their entirety*, *cf.* Def. Blackwell's Resp. 5 ("[I]t is necessary under the 'Rule of Completeness' for the

5

Defendant's full statement to be admitted."); Def. Farley's Mot. Adopt 1, ECF No. 68 ("Ms. Farley also asks that the Court . . . allow her complete statement to be considered by the jury.").[6] The Defendants argue that often, components of longer statements can be "inextricably intertwined," Def. Covington's Resp. 4, and they cite to *United States v. Castro-Cabrera* as support for the proposition that the statements here should be admitted in full on that basis, *see* Def. Covington's Resp. 4–5 (quoting *Castro-Cabrera*, 534 F. Supp. 2d 1156, 1160–61 (C.D. Cal. 2008)); Def. Blackwell's Resp. 4–5 (quoting *Castro-Cabrera*, 534 F. Supp. 2d at 1160–61). In *Castro-Cabrera*, the district court indeed decided introduce the defendant's statement in its entirety under the Rule of Completeness, and provided a thoughtful explanation as to why:

> Statements are inextricably intertwined when the meaning of a statement, if divorced from the context provided by the other statement, is different than the meaning the statement has when read within the context provided by the other statement. Under those circumstances, a court must take care to avoid distortion or misrepresentation of the speaker's meaning, by requiring that the statements be admitted in their entirety and allowing the jury to determine their meaning. Here, unless Defendant's statement is viewed in its entirety, there is a significant danger that its meaning will be taken out of context and misrepresent to the jury a meaning other than the one Defendant was communicating.

*Castro-Cabrera*, 534 F. Supp. 2d at 1160–61. The Court finds these points extremely well-taken. But here, the Court cannot be so sure that this rationale applies with full force and requires a preemptive ruling guaranteeing the admission of the instant Defendants' full statements. In *Castro-Cabrera*, the litigated statement was a small portion of the defendant's statement made in a deportation hearing, consisting of a mere thirty-four (34) words and taking up just six lines of the Federal Supplement.[7] *See id.* at 1159. Here, however, the Defendants seek to introduce their

---

[6] The Court notes that at the November 20, 2023 motions hearing, counsel for each of the Defendants all stated that they did *not* think that the full statements should come in under the rule of completeness. Still, the Court analyzes all of the Defendants' arguments in their papers.

[7] The statement was: "Q: Of what country are you a citizen? A: Hopefully United States through my mother. question: What country are you a citizen of now? A: I guess Mexico until my mother files a petition." *Id.* at 1159 (emphasis omitted).

6

full interviews. To use Defendant Blackwell's interview as an example, her interview lasted three and a half hours, and the transcript from that interview is 320 pages.[8] *See* Def. Blackwell's Resp. 2. The Court could not possibly conclude that all statements the Defendants made in their lengthy interviews are "inextricably intertwined" with what the Government will use (and again, this is in part due to the Government not yet revealing what specific statements it will use and how it will do so). Thus, the Court cannot say, at this point, that the Rule of Completeness necessitates admission of the interviews in full. Rather, the Court will allow the Defendants to introduce any *part* of any statement inextricably intertwined with those introduced or referenced by the Government. The inextricably intertwined determination will need to be made at trial in the context of the specific statements adduced by the Government.

In sum, the Court will allow the Defendants to introduce or refer to any of their out-of-court statements that (1) are necessary to properly clarify, contextualize, or explain, and/or (2) are inextricably intertwined with any such statements used by the Government. The Defendants can do so at any time during trial. Thus, to the extent that the Government seeks any categorical bar on the Defendants' use of such statements at any stage of proceedings, that request will be denied.[9]

## B. Residual Hearsay Exception

The Court will not admit the Defendants' out-of-court statements in full under the Residual Hearsay Exception.

Federal Rule of Evidence 807 constitutes "'a narrow exception' to the rule against hearsay[.]'" *United States v. Cunningham*, 761 F. App'x 203, 206 (4th Cir. 2019) (quoting *United*

---

[8] In Defendant Covington's case, her interview lasted two hours. *See* Def. Covington's Resp. 5. Defendant Farley did not provide the length of time of her interview, but it seems nigh on impossible that her full interview answers do not exceed 34 words (the amount admitted in their entirety in *Castro-Cabrera*). *See generally* Def. Farley's Mot. Adopt.

[9] At trial, the Government can renew its hearsay argument through timely objection. *See, e.g.*, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016).

*States v. Dunford*, 148 F.3d 385, 392, 394 (4th Cir. 1998)).  Rule 807 states:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:  (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).  The Fourth Circuit has explained that this exception "should not be construed broadly."  *Dunford*, 148 F.3d at 394.  Instead, Rule 807's "residual exception is to 'be used very rarely, and only in exceptional circumstances.'"  *United States v. Gomez*, 774 F. App'x 136, 137 (4th Cir. 2019) (quoting *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir. 1984)); *see also United States v. Harrison*, 296 F.3d 994, 1004 (10th Cir. 2002) ("Rule 807 . . . should be used only in extraordinary circumstances . . . ." (internal quotation marks omitted)).

The Court is not satisfied that this is one of those exceptional circumstances where Rule 807's narrow exception applies.  In determining whether a statement falls within the residual hearsay exception, the most important factor is whether the statement enjoys sufficient guarantees of trustworthiness.  *See Dunford*, 148 F.3d at 393.  The trustworthiness determination must be made "considering the totality of the circumstances[.]"  Fed. R. Evid. 807(a).  The Defendants assert that their out-of-court statements are "inherently trustworthy," *see* Def. Covington's Resp. 5; Def. Blackwell's Resp. 5, but the circumstances presented here do not persuade the Court that their statements thread the Rule 807 needle.  First, the Defendants point to the fact that the statements were made under oath.  *See* Def. Covington's Resp. 5; Def. Blackwell's Resp. 5.  But an oath alone is not enough to ensure Rule 807 trustworthiness.  *See United States v. Fernandez*, 892 F.2d 976, 981 (11th Cir. 1989) ("An oath alone . . . is an inadequate safeguard to meet the requirement . . . that the statement have equivalent circumstantial guarantees of trustworthiness . . . ." (internal quotation marks omitted)); *Stokes v. City of Omaha*, 23 F.3d 1362, 1367 (8th Cir.

1994) ("Although the information in the affidavit was given under oath, it lacks the sufficient guarantees of trustworthiness . . . ."). To supplement their oaths, the Defendants assert that they remained consistent throughout their multi-hour interviews and that their statements are further corroborated by other evidence. *See* Def. Covington's Resp. 5; Def. Blackwell's Resp. 5. Even accepting the consistency point,[10] the Defendants do not cite to or provide any example of that other, purportedly corroborating evidence. The Government argues that, in giving interviews to federal authorities in the context of an investigation into the death of an inmate at their place of work, the Defendants were arguably in a position to provide self-serving statements. *See* Reply 5. Statements made in such a situation, courts have found, "have minimal trustworthiness." *United States v. Nero*, 598 F. Supp. 3d 568, 571 (E.D. Mich. 2022); *see also United States v. Darwich*, 337 F.3d 645, 659–60 (6th Cir. 2003) (finding no sufficient guarantee of trustworthiness where declarant offered testimony "when he was in a likely position to supply self-serving testimony"); *United States v. Tome*, 61 F.3d 1446, 1453 (10th Cir. 1995) (finding insufficient trustworthiness in part because the declarant "arguably had a motive to fabricate the story"); *Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir. 1982) (rejecting statement about the cause of a fire where it was self-serving). And though neither side stresses the point in the Rule 807 analysis, the Court notes that over two years lapsed between the events leading up to W.W.'s death and the Defendants' interviews. *See, e.g.*, Def. Covington's Resp. 2. Courts have found that such a long lapse in time weighs against admissibility. *See Tome*, 61 F.3d at 1453 (finding that statement was

---

[10] The Court notes that the authority on this issue seems to stand for the proposition that "the consistency of details across *multiple* statements or interviews . . . support[s] trustworthiness." 2 McCormick On Evid. § 324 n.24 (8th ed.) (emphasis added) (collecting cases); *accord United States v. Slatten*, 865 F.3d 767, 808 (D.C. Cir. 2017) (citing the consistency of details between multiple interviews as supporting trustworthiness); *Harrison*, 296 F.3d at 1004–05 (finding consistency of the details of child's statements regarding sexual abuse in three separate statements to be a "strong indicator" of trustworthiness). Here, however, each Defendant is pointing to their consistency throughout their *one* interview. *See* Def. Covington's Resp. 5; Def. Blackwell's Resp. 5.

not sufficiently trustworthy in part because the interview "occurr[ed] more than one year after the events that [the declarant] described" in the interview).

In sum, the Court is unpersuaded that the requisite special circumstances exist here for the Defendants to admit their entire out-of-court interview statements under Rule 807's narrow residual hearsay exception.[11]

## IV. CONCLUSION

For the reasons detailed above, the Court grants in part and denies in part the Government's Motion in Limine to Preclude the Use of Inadmissible Hearsay. Specifically, the Court grants the Government's motion to the extent that it seeks to prevent the Defendants from introducing evidence of their out-of-court statements on their own, because when introduced by the Defendants, the statements are hearsay. The Court finds that the statements are not admissible under Rule 807. And at this stage, the Court cannot find that the out-of-court statements are admissible in their entirety under Rule 106. However, the Court denies the Government's motion to the extent it seeks a categorical bar of the Defendants' use of their out-of-court statements during any stage trial. The Defendants may introduce or refer to their out-of-court statements pursuant to Rule 106, but only to the extent necessary to complete any such statements used by the prosecution. The Government may renew its hearsay objection at trial as appropriate.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: December 7, 2023

---

[11] Because the Court does not find "sufficient guarantees of trustworthiness" for Rule 807 purposes, the Court need not consider whether the out-of-court statements are "more probative on the point for which [they would be offered] offered than any other evidence that the [Defendants] can obtain through reasonable efforts." Fed. R. Evid. 807(a).