IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 3:23cr68 (RCY) |
| ) | |
| SHRONDA COVINGTON, ) | |
| ) | |
| TONYA FARLEY, ) | |
| ) | |
| and ) | |
| ) | |
| YOLANDA BLACKWELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This prosecution arises out of the death of an inmate in a federal prison. This matter is presently before the Court on the Government's Motion in Limine to Preclude the Use of Improper "Good Character" Evidence, ECF No. 53. For the reasons stated below, the Court will grant the motion.

**I. FACTUAL BACKGROUND**[1]

Defendants Shronda Covington, Tonya Farley, and Yolanda Blackwell were officials with the federal Bureau of Prisons ("BOP"). On January 9, 2021, an inmate ("W.W.") at the prison where the Defendants worked began acting erratically. Over the course of January 9 and into January 10, W.W. fell repeatedly, culminating in his death early on January 10. All three defendants in this case were BOP officials at the prison who worked distinct shifts over the two-day period of W.W.'s episode and death. Defendant Shronda Covington was a lieutenant and the

---

[1] These facts are drawn from the pleadings on the instant motion and other motions; the Court lays them out in a neutral manner.

highest-ranking officer at the prison from midnight to 8:00 a.m. on January 9; Defendant Tonya Farley was a registered nurse who worked from approximately 11:00 a.m. to 9:00 p.m. on January 9; and Defendant Yolanda Blackwell was the control officer who worked from midnight to 8:00 a.m. on January 10.

## II. PROCEDURAL HISTORY

On August 1, 2023, a federal grand jury returned a six-count superseding indictment against the Defendants. *See generally* Superseding Indictment, ECF No. 34. The Indictment charges each with violating 18 U.S.C. § 242 by, while acting under color of law as BOP officials, willfully violating the constitutional rights of inmate W.W. by demonstrating deliberate indifference to his serious medical needs. *Id.* at 2–4. The indictment further charges Ms. Covington and Ms. Farley with violating 18 U.S.C. § 1001 by making materially false statements to federal agents. *Id.* at 5–6. The indictment also charges Ms. Farley with violating 18 U.S.C. § 1519 by knowingly making a false entry into an official report following her medical assessment of W.W., with the intent to obstruct a federal investigation. *Id.* at 4.

## III. LEGAL STANDARD

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, No. 1:13-cr-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F.

App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

Evidence is admissible if it is "[r]elevant,"[2] except as otherwise prohibited by the Constitution, federal statute, or the Federal Rules of Evidence. Fed. R. Evid. 402.

Evidence of a person's character or character trait is generally not admissible to prove that on a particular occasion a person acted in accordance with that character or trait. Fed. R. Evid. 404(a)(1). But there is an exception for a criminal defendant's "pertinent trait," which the criminal defendant may offer into evidence. Fed. R. Evid. 404(a)(2)(A). Evidence of the accused's pertinent trait is only admissible in the form of reputation or opinion evidence, unless the trait is "an essential element" of the crime charged, in which case the accused may also prove that character by specific instances of conduct. Fed. R. Evid. 405.

## IV. DISCUSSION

The Government moves the Court to exclude evidence of "any specific instances of the [D]efendants' good conduct, such as evidence of any positive performance evaluations, previous actions in conformity with the law, or specific acts of helpfulness or kindness toward inmates." Mot. 1, ECF No. 53. The Defendants disagree and contend that evidence of their good, law-abiding character—and in the case of Defendants Farley and Covington, evidence of their truthful character—should be admissible in the form of specific instances such as specific awards and commendations. *See* Def. Farley's Resp. 2, ECF No. 69; Def. Covington's Resp. 3, ECF No. 74; *see also* Def. Blackwell's Mot. Adopt, ECF No. 90 (adopting her two co-defendants' responses). The Court will grant the Government's motion. Subject to this ruling, the Court will allow (1) all three Defendants to adduce evidence to establish their character as law-abiding citizens and (2)

---

[2] "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid 401.

Defendants Farley and Covington to adduce evidence establishing their truthful character—but for both categories, the evidence is admissible only in the form of reputation or opinion evidence; no specific instances of conduct (e.g., any specific awards received) are admissible.

### A. Character as Law-Abiding Citizens

The Defendants may adduce reputation or opinion testimony as proof their general good, law-abiding character. But they may not introduce evidence of their awards or commendations or any other specific instance to prove the same.

Each of the Defendants' trait of law-abidingness is pertinent[3] as to each charge. A criminal defendant's character as a law-abiding citizen is *always* pertinent. *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (citing 1 Wigmore, Evidence § 55 (3d ed. 1940)); *see also Sutherland v. United States*, 92 F.2d 305, 308 (4th Cir. 1937) (finding "error in excluding the testimony offered by defendant as to his general reputation as a law-abiding citizen"). So, the Defendants may introduce opinion or reputation evidence as to their law-abiding status. *See* Fed. R. Evid. 405(a).

But the law-abiding trait is not an essential element of any charge. In their responses to the Government's motion, the Defendants do not assert that it is; they only argue that truthfulness is an essential element of some of the charges, discussed below.[4] *See* Def. Farley's Resp. 2; Def. Covington's Resp. 3; *see also* Reply 5. Accordingly, the Defendants cannot use evidence of specific instances to prove their good, law-abiding character. *See* Fed. R. Evid. 405(b); *United*

---

[3] "Pertinent" in Rule 404(a)(2) is synonymous with "relevant" in Rule 402. *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982); *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981).

[4] At the November 20, 2023 motions hearing, however, counsel for Defendant Covington intimated that good character goes to the essential element of intent embedded into (at least) the § 242 charges. The Court disagrees. "[P]roof, or failure of proof, of" the Defendants' good character would not "by itself actually satisfy an element of the charge, claim, or defense" as to the § 242 charges. *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995). The jury could believe that the Defendants are generally good people and still find that the Defendants willfully acted with deliberate indifference to W.W.'s medical needs. Good character is thus not an essential element of § 242. Even more fundamentally, though, almost every criminal charge includes some sort of intent element. Concluding that good character was essential to the intent element of this (or any) crime would swallow the general rule that "it is rare in criminal cases—indeed, almost unheard of—to find that character is an element in a charge or defense." 1 Federal Evidence § 4:27 (4th ed. 2023 update).

*States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (citing *Michelson v. United States*, 335 U.S. 469, 476 (1948)) ("Unless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen). Evidence of specific good acts is not admissible." (internal citation omitted)).

## B. Character for Truthfulness

Defendants Farley and Covington may adduce reputation or opinion evidence as to their truthfulness (on the relevant charges). But they may not introduce any specific acts to that effect.

Defendant Farley's and Defendant Covington's traits of truthfulness and honesty are pertinent to their False Statements charges under 18 U.S.C. § 1001. Defendant Farley's character for truthfulness is also pertinent to her False Report charge pursuant to 18 U.S.C. § 1519. The trait of truthfulness is pertinent when "[t]he offense charged is *crimen falsi*; i.e., a lie by the defendant is an element of the crime." *Hewitt*, 634 F.2d at 279 (citing *Edgington v. United States*, 164 U.S. 361, 363 (1896)).[5] Title 18 U.S.C. §§ 1001 and 1519 both fit this bill in this case.[6] This trait is thus pertinent as to those charges.

But the character trait of truthfulness is not an essential element of either § 1001 or § 1519. In determining whether a person's trait is an essential element of the crime, the relevant question is: "would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to opinion or reputation." *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995) (citing *United*

---

[5] The Defendants appear to cite this portion of 634 F.2d at 279, *cited in* Def. Farley's Resp. 2, *and* Def. Covington's Resp. 3. Such a suggestion is a misreading of *Hewitt*. *Hewitt* very clearly gave this as one of three instances where "the defendant's truthfulness . . . trait is . . . *relevant*" (which is synonymous with "pertinent"). *Hewitt*, 634 F.2d at 279 (emphasis added).

[6] On the 18 U.S.C. § 1001 charge in this case, the Government will need to show that Defendants Farley and Covington made a "materially false, fictitious, or fraudulent statement or representation." On the 18 U.S.C. § 1519 charge in this case, the Government must show, among other things, that Defendant Farley knowingly "falsifie[d], or ma[de] a false entry in any record, document, or tangible object."

5

*States v. Piche*, 981 F.2d 706, 713 (4th Cir. 1992), and other cases); *see* 29 Am. Jur. 2d Evidence § 375.  In other words, proof of the character trait itself, not an example of the trait, must be an essential element.  Neither § 1001 nor § 1519 have the trait of untruthfulness as an element, nor would a character for truthfulness be a defense to these charges; these charges simply require proof that the Defendants were untruthful in a discrete instance.  *See United States v. Mixon*, No. 14CR00631-001-TUCJGZ, 2015 WL 13849032, at *3 & n.3 (D. Ariz. Dec. 11, 2015) ("[T]he character trait of honesty is not an element of 18 U.S.C. § 1001[] or 18 U.S.C. § 1519.").  In other words, even if the jurors were presented with evidence—and believed—that the Defendants Farley and Covington possessed general truthful or honest character, the jurors would be free to find that the Defendants nevertheless made the alleged false statements or false report in the instances in question.  *See id.*  Truthful *character* is thus not an "essential element" of either the § 1001 charge or the § 1519 charge; Defendants Farley and Covington thus cannot use evidence of specific instances (e.g., awards or commendations) to prove their truthful character.  *See* Fed. R. Evid. 405(b); *cf. Ralston v. Garabedian*, No. 19CV1539, 2022 WL 19273, at *15 n.141 (E.D. Pa. Jan. 3, 2022) (refusing to admit specific-acts evidence under 405(b) because the proponent's "affirmative defense of truth does not make his *character* for truthfulness an essential element of his defense; his defense simply turns on whether the allegation was true" (emphasis in original)).

## IV. CONCLUSION

For the reasons detailed above, all three Defendants can introduce evidence of their good, law-abiding character, and Defendants Farley and Covington can introduce evidence of their character for truthfulness (as to those relevant charges).  But for each set of evidence, the Defendants can only introduce the evidence in the form of opinion or reputation testimony.  The

Defendants may not introduce any specific acts—i.e., any awards, commendations, or the like.[7]

The Court will therefore grant the Government's motion.

    An appropriate Order shall issue.

                                                         /s/ *RCY*
                                                Roderick C. Young
                                                United States District Judge

Richmond, Virginia
Date: December 7, 2023

---

[7] However, once the Defendants introduce opinion or reputation evidence of their law-abiding or truthful character, their "claim to possession of those traits [i]s open to rebuttal by the government under Rule 404(a)(1), either by direct testimony of reputation, or . . . by inquiry on cross-examination into relevant instances of conduct, *see* Fed. R. Evid. 405(a)." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also Michelson*, 335 U.S. at 479.