IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 3:23cr68 (RCY) |
| ) | |
| SHRONDA COVINGTON, ) | |
| TONYA FARLEY, ) | |
| and ) | |
| YOLANDA BLACKWELL, ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This prosecution arises out of the death of an inmate in a federal prison. The matter is presently before the Court on Defendant Shronda Covington's ("Defendant Covington" or "Ms. Covington") Motion in Limine to Exclude All Evidence Related to W.W.'s Time in Suicide Watch, ECF No. 102, joined by Defendant Tonya Farley ("Defendant Farley" or "Ms. Farley"), ECF No. 106. For the reasons stated below, the Court will deny the Motion.

**I. FACTUAL BACKGROUND**[1]

Defendants Shronda Covington, Tonya Farley, and Yolanda Blackwell were officials with the federal Bureau of Prisons ("BOP"). On January 9, 2021, an inmate ("W.W.") at the prison where the Defendants worked began acting erratically. Over the course of January 9, W.W. fell repeatedly. At approximately 9:30 p.m. on January 9, W.W. was placed in a suicide watch cell. W.W. continued to fall through the rest of January 9 and into January 10, until he fell to the ground for the final time at 6:30 a.m. on January 10. W.W. died sometime between 6:30 a.m. and 8:07 a.m. on January 10. Medical examiners determined that the cause of death was blunt force trauma.

---

[1] These facts are drawn from the pleadings on the instant motion and other motions; the Court lays them out in a neutral manner.

All three defendants in this case were BOP officials who worked distinct shifts at the prison over the two-day period of W.W.'s episode and death. Defendant Shronda Covington was a lieutenant and the highest-ranking officer at the prison from midnight to 8:00 a.m. on January 9; Defendant Tonya Farley was a registered nurse who worked from approximately 11:00 a.m. to 9:00 p.m. on January 9; and Defendant Yolanda Blackwell was the control officer who worked from midnight to 8:00 a.m. on January 10.

## II. PROCEDURAL HISTORY

On August 1, 2023, a federal grand jury returned a six-count superseding indictment against the Defendants. *See generally* Superseding Indictment, ECF No. 34. The Superseding Indictment charges each Defendant with violating 18 U.S.C. § 242 by, while acting under color of law as BOP officials, willfully violating the constitutional rights of inmate W.W. by demonstrating deliberate indifference to his serious medical needs. *Id.* at 2–4. The Superseding Indictment further charges Ms. Covington and Ms. Farley with violating 18 U.S.C. § 1001 by making materially false statements to federal agents. *Id.* at 5–6. The Superseding Indictment also charges Ms. Farley with violating 18 U.S.C. § 1519 by knowingly making a false entry into an official report following her medical assessment of W.W., with the intent to obstruct a federal investigation. *Id.* at 4.

On November 13, 2023, Ms. Covington filed the instant Motion in Limine. ECF No. 102. Three days later, Ms. Farley filed a Motion to Adopt Ms. Covington's Motion, ECF No. 106, which the Court granted, *see* ECF No. 110. The Government filed its Response in opposition to the Motion in Limine on November 27, 2023. ECF No. 114. Neither moving Defendant filed a reply. The Court heard argument on January 22, 2024, *see* ECF No. 127, and this opinion follows.

## III. LEGAL STANDARD

Although not specifically provided for in the Federal Rules of Evidence, motions in limine

2

"ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).  "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id*.  "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006).  A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012).  Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

Evidence is admissible if it is "[r]elevant," except as otherwise prohibited by the Constitution, federal statute, or the Federal Rules of Evidence.  Fed. R. Evid. 402.  "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid 401.  "The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of elements of the offense charged and any relevant defenses raised to defeat criminal liability."  *United States v. Walker*, 32 F.4th 377, 388 (4th Cir. 2022) (quoting *United States v. Lamberty*, 778 F.2d 59, 60–61 (1st Cir. 1985)).

Pursuant to Federal Rule of Evidence 403, the district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Rule 403 sets a "high bar" for exclusion.  *See United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023).

## IV. DISCUSSION

Defendants Covington and Farley argue that all evidence regarding W.W.'s time in suicide watch should be excluded in their cases. *See* Mot. Limine, ECF No. 102; *see also* Mot. Adopt, ECF No. 106. This "suicide watch evidence" consists of, among other things, explicit surveillance video (lasting for hours) of W.W. in the suicide watch cell and suicide watch logs completed by two inmates who watched W.W. in the suicide watch cell. *See* Mot. Limine 3–4. The Defendants argue that this evidence is irrelevant and therefore excludable under Federal Rule of Evidence 402, or, alternatively, excludable under Federal Rule of Evidence 403 as unfairly prejudicial. *See id.* at 5–10. The Government argues that this evidence is highly relevant to the charged offenses and is not substantially outweighed by any unfair prejudice. *See* Gov't's Resp. 4–9, ECF No. 114. The Court agrees with the Government.

### A. Relevance — Rule 402

Defendants Covington and Farley contend that the suicide watch evidence is irrelevant to the charges against them because W.W. was placed in and stayed in suicide watch after their respective shifts had ended. *See* Mot. Limine; Mot. Adopt. The Court disagrees.

The Court begins with the 18 U.S.C. § 242 charge that both moving Defendants face. A § 242 prosecution for an Eighth Amendment violation requires proof of four elements: (1) that the defendant acted under the color of law; (2) that the defendant acted willfully; (3) that the defendant deprived W.W. of his right to be free from cruel and unusual punishment under the Eighth Amendment; and (4) that W.W. suffered bodily injury and death as a result. 18 U.S.C. § 242; *see* U.S. Const. amend. VIII; 1 Modern Federal Jury Instructions-Criminal ¶ 17.01. In the specific context of a prosecution for deliberate indifference to serious medical needs of an inmate, the third element splits into three sub-elements: (1) that the inmate had a serious medical need, i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious

4

that even a lay person would easily recognize the necessity for a doctor's attention;" (2) that the defendant had "actual knowledge of the risk of harm to the inmate;" and (3) that the defendant "recognized that h[er] actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (emphases and internal quotation marks omitted).

Defendants Covington and Farley argue that the suicide watch evidence is irrelevant to their § 242 charges because the evidence does not speak to whether they were acting under color of law (because they were not on the premises at the time of the evidence's collection) or whether they willfully deprived W.W. of his right(s) by acting with deliberate indifference (because, again, they were not at the prison at the time).  See Mot. Limine 6–7; Mot. Adopt 1.

However, the Government persuasively points to the "if bodily injury . . . [or] death results" element of § 242.  18 U.S.C. § 242; *see also* 1 Modern Federal Jury Instructions-Criminal ¶ 17.01; Mot. Limine 6 (listing this element).  The Government argues, and the Court agrees, that the suicide watch evidence is highly probative as evidence that W.W., in fact, sustained injuries and died.  *See* Gov't's Second Resp. 4–5.  The video, photographic, and testimonial evidence of W.W.'s injuries and death obviously holds considerable probative value of the bodily injury W.W. suffered.  And relatedly, the evidence is relevant as to whether W.W.'s bodily injury and death "*result[ed] from* [Defendant Covington's and Defendant Farley's] acts"—i.e., that Defendants Covington and Farley caused W.W.'s injury and death.  18 U.S.C. § 242 (emphasis added); *cf. Burrage v. United States*, 571 U.S. 204, 214 (2014) ("[A] phrase such as 'results from' imposes a requirement of but-for causation.").  The evidence of W.W. in the cell could be seen to furnish the requisite necessary link in the (alleged) causal chain from the Defendants' alleged actions or omissions to W.W.'s ending up in the suicide watch cell where he fell and died.  The evidence may not be conclusive, but it has *some* tendency to prove the consequential point.  The suicide

5

watch evidence is thus relevant as to the "bodily harm or death as a result" element.

Additionally, the Court disagrees with Defendants Covington's and Farley's contention that the suicide watch evidence is wholly irrelevant to the deliberate indifference element. One of that element's sub-elements is that the defendant had an objectively serious medical need. *See Iko*, 535 F.3d at 241. The suicide watch evidence has some tendency to prove the consequential fact that W.W. had a medical need "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.*; *see also Scarbro v. New Hanover Cnty.*, 374 F. App'x 366, 371 (4th Cir. 2010) (holding that evidence that victim "hit the concrete floor head-first, screamed out in excruciating pain, . . . had urinated on himself, . . . was unable to speak coherently, and . . . was unable to walk," among other evidence, made it "clear" that the victim "had an objectively serious medical need").[2] And if the totality of the evidence permitted it, the jury could infer that W.W.'s condition remained the same throughout the ordeal; indeed, the Government represents that it will present testimony to that effect. *See* Gov't's Resp. 7. This evidence has *some* tendency to prove the required consequential, objective sub-element in the broader deliberate indifference to medical needs element. For these reasons, the suicide watch evidence is relevant as to the Defendants' § 242 charges.

The Court turns to Defendants Covington's and Farley's 18 U.S.C. § 1001 false statement charges and Defendant Farley's 18 U.S.C. § 1519 false entry obstruction charge. Among other things, both charges require that there were statements or entries made that are, as a matter of fact, false. *See* 18 U.S.C. §§ 1001, 1519. Defendant Covington is alleged to have, among other things,

---

[2] Although Defendants Covington and Farley were not at the prison at the time of the suicide watch evidence, that fact alone does not make the evidence irrelevant as to them on the objective prong. The Fourth Circuit has allowed a victim to establish the objective component of a deliberate indifference claim through evidence that, like the contested evidence here, could not have been contemporaneously observed by the charged official. *See Creech v. Nguyen*, 153 F.3d 719 (4th Cir. 1998) (unpublished table opinion) (concluding that the plaintiff satisfied the objective component of a claim for deliberate indifference of a serious medical need through expert testimony at trial, before turning to the separate question of whether the defendant subjectively knew of the plaintiff's serious medical need).

6

falsely (1) denied that, during her shift on January 9, 2021, a BOP correctional officer contacted her to report that W.W. "was eating out of the trashcan, had urinated on himself, and had fallen;" and (2) claimed that a BOP correctional officer had told her that W.W. was "walking around his cell, listening to music, and doing push-ups." Superseding Indictment 6, ECF No. 34.  Defendant Farley is alleged to have, among other things, falsely reported that W.W. was not exhibiting signs or symptoms of acute distress and that he verbalized understanding of his medical care. *Id.* at 4. Evidence about W.W.'s condition in suicide watch has *some* tendency to make more likely that the factual contentions made by the Defendants in these statements are untrue—the crux of these charges.  Though again perhaps not conclusive, the Court finds this evidence at least relevant and probative in this respect.

  The Court will instruct the jury that it must find that the Government has proven each element of each offense beyond a reasonable doubt.  The arguments the Defendants make about having left the prison before the collection of this evidence are forceful ones to make to the jury about whether any reasonable doubt remains as to their guilt, not about admissibility of the suicide watch evidence in the first instance.  In other words, the Defendants' arguments go to what *weight* the jury should ascribe to this evidence, not to this evidence's overall relevance in this case. Though the suicide watch evidence may not, on its own, conclusively prove all of the essential elements of the offenses Defendants Covington and Farley face, the evidence is still relevant under the Federal Rules.  Defendant Covington's and Farley's relevance arguments are accordingly rejected.

**B. Unfair Prejudice — Rule 403**

  In the alternative, Defendants Covington and Farley argue that the suicide watch evidence is excludable under Federal Rule of Evidence 403 because its probative value is substantially outweighed by its prejudicial effect. *See* Mot. Limine 9–10.  The Government disagrees. *See*

Gov't's Resp. 8–9.  So too does the Court.

Defendants Covington and Farley first argue that the fact that there is no video evidence of the medical status of W.W. when they were on duty evinces unfair prejudice attached to the suicide watch evidence, citing the proposition that the Court ought to undertake Rule 403 balancing "in view of the entire record, including potential evidentiary alternatives." *United States v. Bellinger*, 652 F. App'x 143, 151 (4th Cir. 2016) (citing *Old Chief v. United States*, 519 U.S. 172, 183–85 (1997)).  But the Court understands this principle within Rule 403's balancing test to cut the other way—that is, something is *more* likely to be excludable under Rule 403 if there are *more* pieces of evidence to prove the same thing, not fewer.  *See, e.g.*, *United States v. MacDonald*, 688 F.2d 224, 228–29 & 229 n.11 (4th Cir. 1982) (affirming the trial court's determination that the Government's use of a pajama top as an exhibition did not run afoul of Rule 403 in part because "the demonstration of the pajama top was in no way repetitive of any earlier testimony or demonstration"); 1 McCormick On Evid. § 185 (8th ed. July 2022 update) (discussing that, in the Rule 403 balancing endeavor, it could matter that it is "easy for the advocate to make the same point with other, less prejudicial evidence").  This argument thus does not move the Court.

Defendants Covington and Farley next argue that the suicide watch evidence is "highly likely to inflame the passions of the jurors" and should be excluded on that basis.  Mot. Limine 9–10 (quoting *United States v. Williams*, 445 F.3d 724, 731 (4th Cir. 2006)).  Though "the danger of unfair prejudice is more likely to be present in a case where the challenged evidence is a type that is highly likely to inflame the passions of the jurors," the Rule 403 inquiry "remains the same in all cases, regardless of the nature or type of the challenged evidence." *Williams*, 445 F.3d at 731–32.

In striking the familiar Rule 403 balance with respect to this evidence here, the Court finds that this evidence does not clear the high bar for exclusion.  There is no dispute that the suicide

8

watch evidence (the video, particularly) is extremely disturbing. *See* Gov't's Resp. 8–9 (acknowledging the same). But where such evidence is relevant and probative, as is the case here, the Fourth Circuit has often "found the admission of gruesome and shocking [evidence] not to be unfairly prejudicial." *United States v. Bullis*, 139 F.3d 893 (4th Cir. 1998) (unpublished table opinion) (collecting published cases). This glimpse into part of W.W.'s ordeal and experience over the litigated two-day period could very well be damaging to the Defendants' cases. But, as the familiar adage (to prosecutors and defense attorneys) goes, "damage to a defendant's case is not a basis for excluding probative evidence," because "[e]vidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). Given that Defendants Covington and Farley will have a full opportunity to place the suicide watch evidence into the proper context—i.e., to explain that they were not on the premises during the entirety of the video and collection of other evidence—and the jury will take that into account in determining liability, the Court is not satisfied that the suicide watch video evidence will "lure[] the jury 'into declaring guilt on a ground different from proof specific to the offense[s] charged.'" *Bullis*, 139 F.3d 893 (unpublished table opinion) (quoting *Old Chief*, 519 U.S. at 180).

For these reasons, the Court finds no unfair prejudice that substantially outweighs the suicide watch evidence's probative value.

## V. CONCLUSION

For the reasons detailed above, the Motion in Limine to Exclude All Evidence Related to W.W.'s Time in Suicide Watch will be denied.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: February 20, 2024