IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 3:23cr68 (RCY) |
| ) | |
| SHRONDA COVINGTON, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This is a prosecution arising out of the death of an inmate at a federal prison. The case is before the Court on the United States's Motion to Modify or Quash Defendant Covington's Trial Subpoenas ("Motion"), ECF No. 202. The United States moves to modify or quash a subpoena to the Federal Bureau of Prisons ("BOP") (the subpoena, "BOP Subpoena").[1] For the reasons stated below, the Court will GRANT in part and DENY in part the Motion.

**I. LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 17, a defendant may file an *ex parte* request for issuance of a pre-trial subpoena duces tecum. *E.g.*, *United States v. Beckford*, 964 F. Supp. 1010, 1026–27 (E.D. Va. 1997); *United States v. Belcher*, 2023 WL 8936756, at *2–4 (W.D. Va. Dec. 27, 2023). A court "has ample discretion in the issuance of Rule 17(c) subpoenas." *Belcher*, 2023 WL 8936756, at *2 (citing *United States v. Caro*, 597 F.3d 608, 616 (4th Cir. 2010)). The

---

[1] The United States originally moved to modify or quash subpoenas for three individual witnesses, L.B., S.M., and B.H., in addition to modifying or quashing the BOP Subpoena. *See* Mot. Defendant Covington represented in her Response that the United States's Motion was, "with respect to two of the witnesses, moot," because S.M. and B.H. have already produced documents pursuant to subpoenas addressed to them. Resp. 3, 12, ECF No. 205. In its Reply, the United States "agree[d]" that, "[t]o the extent defendant Covington believes that these witnesses' completed responses constitute full compliance with the subpoenas, the government agrees that its motion is, as to these two witnesses, moot." Reply 9, ECF No. 209. Tracking that agreement, the United States only requested in its Reply "that the Court modify or quash the . . . subpoenas to BOP and to witness L.B." *Id.* at 11. In the context of further informal correspondence, Defendant Covington represented to the Court that the final outstanding individual witness, L.B., has complied with the subpoena. For these reasons, the Court finds the United States's Motion is moot as to the three individual witnesses, and the Court accordingly will DENY the Motion as it relates to those individual witnesses.

party seeking pre-trial production of documents "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1973). More specifically, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;[2] (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699–700 (footnote omitted). Rule 17(c) "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)). But Rule 17(c) "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Rand*, 835 F.3d 451, 462 (4th Cir. 2016) (internal quotation marks omitted).

On a "motion made promptly," a court "may quash or modify" a "subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). A subpoena should be quashed or modified "as unreasonable or oppressive if it is irrelevant; abusive or harassing; overly vague; or excessively broad." *Rand*, 835 F.3d at 463 (internal quotation marks omitted). The Fourth Circuit has observed that these criteria "map on quite well to the *Nixon* standard of relevance, admissibility, and specificity." *Id.*

---

[2] "[A] Rule 17(c) subpoena duces tecum is improper where it calls for the production of *Brady*, Jencks, or *Giglio* material," because "none of that material can be said to be 'not otherwise procurable reasonably in advance of trial.'" *Beckford*, 964 F. Supp. at 1031 (quoting *Nixon*, 418 U.S. at 699).

## II. DISCUSSION

### A. Standing

As an initial matter, Defendant Covington argues that the United States lacks standing to challenge the BOP Subpoena. *See* Resp. 3, 13–15, ECF No. 205. The United States disagrees. *See* Reply 7–8, ECF No. 209. On these particular facts, the Court disagrees as well.

"Ordinarily, an opposing party in a criminal case does not have standing to challenge a subpoena in 'the absence of a claim or privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.'" *United States v. Bank*, 2019 WL 1510324, at *2 n.2 (E.D. Va. Apr. 5, 2019) (quoting *United States v. Beckford*, 964 F. Supp. 1010, 1023 (E.D. Va. 1997)). "Courts within the Fourth Circuit generally find that the government does not have standing to challenge a third-party subpoena in a criminal matter unless it has a legitimate interest in the materials requested—such as when the materials contain information about a witness for the prosecution." *Id.* (collecting cases).

Here, the United States represents that the BOP Subpoena is "directed at . . . , through BOP, employees who are likely government witnesses . . . ." Reply 8. Upon review of the BOP Subpoena and the whole record, the Court agrees and finds that the United States has standing as to the BOP Subpoena on these particular facts.[3]

---

[3] Defendant Covington contends that any argument by the United States that it has standing to challenge the BOP Subpoena is inconsistent with its prior position in this case that documents in the BOP's possession are not (1) "within the government's possession, custody, or control" for purposes of Federal Rule of Criminal Procedure 16 or (2) "within the prosecution's possession" for purposes of *Brady v. Maryland*, 373 U.S. 83 (1963). Resp. 13–15. Given the laxer Rule 17 standing standard, the Court sees no conceptual inconsistency with the United States's positions on these respective issues in the context of this case. In any event, Fourth Circuit caselaw suggests that a court has authority to modify or quash third-party subpoenas notwithstanding the United States's standing to object to those subpoenas. *See United States v. Fitzgerald*, 416 F. App'x 238, 244–45 (4th Cir. 2011) (declining to decide the issue of whether the United States had standing to challenge a third-party subpoena but finding that the court had authority to quash the subpoena anyway). So even if there were any logical inconsistency, it would not impact the outcome in the instant case.

### B. Applying *Nixon*

The United States contends that, "[a]s currently written," the BOP Subpoena is "'overly vague' and 'excessively broad,'" in the sense that it does not comport with the *Nixon* standard. Mot. 6–7, ECF No. 202 (quoting *United States v. Rand*, 835 F.3d 451, 463 (4th Cir. 2016)). Defendant Covington asserts that the BOP Subpoena satisfies *Nixon*. *See* Resp. 15–19. The United States makes three overarching arguments, and the Court addresses each in turn.

First, the United States argues that it is improper that the BOP Subpoena does not include a limitation that the BOP need not produce materials already in Defendant Covington's possession. *See* Mot. 7–8. The United States requests that the Court modify the BOP Subpoena to include such a limitation. *Id.* Given that materials Defendant Covington already possesses cannot be said to be "not otherwise procurable reasonably in advance of trial," a subpoena for such materials does not satisfy the *Nixon* standard. *See Nixon*, 418 U.S. at 699. Accordingly, the Court will MODIFY the first sentence of Attachment A of the BOP Subpoena to read: "Produce all records that fall within the parameters listed below **and are not already in the possession of Shronda Covington or her attorneys**:". In that respect, the United States's Motion will be GRANTED.

Second, the United States asserts that the BOP Subpoena seeks materials that do not fall within *Nixon*'s contours of what is "relevant" and "evidentiary" and thus the proper subject of a Rule 17(c) subpoena. *See* Mot. 5, 10–11; Reply 2 n.1. Within this argument the United States raises multiple, narrower arguments; only one of those sub-arguments is viable.

The one persuasive argument is "that Rule 17(c) subpoenas should not be used to obtain, before trial, materials to be used for impeachment purposes." *United States v. Lindberg*, 2019 WL 7000089, at *4 (W.D.N.C. Dec. 20, 2019) (quoting *United States v. Jenkins*, 895 F. Supp. 1389, 1393–94 (D. Haw. 1995); and citing *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995)); *see* Mot. 5; Reply 2 n.1. This idea goes back to the Supreme Court's decision in *Nixon*.

*See* 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."). The logic is that potential impeachment materials do not become evidentiary—they do not "ripen into" true impeachment materials—"until the witness testifies" at trial. *Lindberg*, 2019 WL 7000089, at *4 (citing *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980)). Such impeachment materials—materials going to, *e.g.*, benefits for testifying, prior inconsistent statements, bias—are not evidentiary such that it is proper to require their pre-trial production under Rule 17(c).

Upon review of the eight categories of materials requested in the BOP Subpoena and Defendant Covington's explanation as to the evidentiary value of the sought materials and her Response, the Court is not persuaded that the subpoenaed materials in Categories 6 and 7 of the BOP Subpoena have evidentiary value beyond that of impeachment. The proffered evidentiary value of the materials in Category 6 appears to be based on personal animus against Defendant Covington (1) on the part of employees who created the sought materials or (2) on the part of employees who made statements on which other employees relied in creating the sought materials. The stated evidentiary value of the materials in Category 7 is premised on benefits certain witnesses may or may not be getting for testifying. For those reasons, the Court will MODIFY the BOP Subpoena to OMIT Categories 6 and 7: the "6. WRITTEN COMMUNICATIONS" category, and the "7. DISCIPLINARY ACTIONS" category. With respect to Categories 6 and 7 of the BOP Subpoena, the Government's Motion will thus be GRANTED.[4]

---

[4] Of course, if the United States (that is, the prosecution team) comes into the "possession"—in the *Brady v. Maryland*, 373 U.S. 83 (1963), sense—of any impeachment materials that would fall within Categories 6 and 7, then the United States would need to turn over such materials to the defense as required under *Giglio v. United States*, 405 U.S. 150 (1972). Likewise, if materials within Categories 6 and 7 come within the United States's "possession, custody, or control"—as those terms are defined in Federal Rule of Criminal Procedure 16 and construed under the Ninth Circuit's "knowledge of and access to the documents sought by the defendant" test, *see* Apr. 16, 2024 Hr'g Tr. 111:17–24, ECF No. 194 (adopting this formulation for purposes of this case, quoting *United States v. Bryan*, 868 F.2d 1030, 1306 (9th Cir. 1989))—then the United States would need to turn over such documents if they are "material" under Rule 16. The United States has represented to the Court that it understands that its discovery

The United States's other two arguments in this vein do not persuade.  First, the United States argues that "portions of the requested materials" in the BOP Subpoena "appear to be inadmissible and irrelevant." Mot. 10–11.  In addition to a relevance argument, *see id.* at 11 (citing, *inter alia*, Fed. R. Evid. 401, 402), the United States argues that "many of the requested records appear to be inadmissible . . . hearsay," *id.* (citing Fed. R. Evid. 801, 802).  Of the categories of materials remaining in the BOP Subpoena, upon review of Defendant Covington's initial explanations and her arguments in her Response for seeking these materials, the Court disagrees.  The sought materials, at this stage, appear relevant under Rule 401's broad relevance principles.  And they also appear to avoid hearsay problems at this stage, given that they are likely business or organizational records.  *See* Fed. R. Evid. 803(6).  These two arguments are rejected, and the Motion, insofar as it relies on these arguments, will be DENIED.

Third, the United States argues that the BOP Subpoena is, in various parts, insufficiently specific and overbroad, alluding to the prohibition against the much-maligned "fishing expedition" subpoena.  Of the remaining categories of the BOP Subpoena,[5] the United States only takes issue with Defendant Covington's request for "training materials related in any way to the circumstances around W.W.'s death," Mot. 9 (internal quotation marks omitted), a reference to Category 1.  The Court finds Category 1 is sufficiently specific that it is not a "fishing expedition":  Defendant Covington has designated with reasonable particularity the kinds of records she seeks in a sufficiently defined category from a limited number of years.  *See Bank*, 2019 WL 1510324, at *3 n.5; 2 C. Wright & A. Miller, *Federal Practice & Procedure: Criminal* § 275 (4th ed. 2024 update)

---

obligations under these authorities (and others) are continuing. *See, e.g.*, May 15, 2024 Hr'g Tr. 4:10–20, ECF No. 203.

[5] Because the Court has already determined that it will grant the United States's Motion as to Categories 6 and 7 on other grounds, the present arguments as to those same categories of the BOP Subpoena are rendered moot. The Court therefore only engages with the arguments as to the remaining categories of information sought.

("A subpoena that fails to describe any specific documents is too broad, but it is not necessary that the subpoena designate each particular paper desired. It is sufficient if kinds of documents are designated with reasonable particularity." (footnote omitted)). The United States's specificity argument is rejected, and the Motion will be DENIED in that respect.

### III. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part the United States's Motion. The BOP Subpoena will be approved subject to the modifications set forth above.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 20, 2024